## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. *v.* RAYMOND GODUTO ET AL.
### (AC 28900)

Bishop, Lavine and Peters, Js.

Argued May 27—officially released September 16, 2008

*Stephen P. Wright*, with whom, on the brief, was *Jeremy F. Hayden*, for the appellant (named defendant).

*David F. Borrino*, for the appellee (plaintiff).

### Opinion

PETERS, J. The right of a mortgagee to initiate a foreclosure action against a defaulting debtor depends on the mortgagee's compliance with the notice provisions contained in the mortgage. *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 707, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002); *Citicorp Mortgage, Inc.* v. *Porto*, 41 Conn. App. 598, 602, 677 A.2d 10 (1996). In this case, the trial court held that foreclosure was proper because each of two notices sent by the mortgagee satisfied the requirement in the mortgage that the debtor be given thirty days notice of his default. Although we agree with the court's ultimate conclusion, we do so on the alternate ground that the two notices, read jointly, substantially afforded the debtor the requisite notice. We therefore affirm the judgment of the trial court.

On December 7, 2005, the plaintiff, Mortgage Electronic Registration Systems, Inc., initiated foreclosure proceedings against the defendant Raymond Goduto[1] to obtain possession of 34 Federal Road, Shelton, which the defendant had mortgaged to the plaintiff. Although

---

[1] Because the plaintiff was granted a default judgment against the other defendants in this action, Michele Kudravy, Howard Lipper and Sharon Lipper, for failure to disclose a defense, we refer in this opinion to Goduto as the defendant.

the defendant initially challenged the plaintiff's authority to enforce the mortgage and the underlying promissory note, he ultimately relied on only one special defense. Without denying that the plaintiff had sent him two notices of default or alleging that he had failed to receive them, he argued that foreclosure was improper because the plaintiff had failed to give him notice of default according to the terms of the mortgage.[2] The trial court disagreed and, on May 2, 2007, granted the plaintiff's motion for summary judgment as to liability. The defendant has appealed from the judgment of foreclosure by sale subsequently rendered on May 29, 2007.

The underlying facts are not in dispute. On April 27, 2004, in return for a loan of $204,000, the defendant executed a promissory note payable to the order of Decision One Mortgage Company, LLC. As security for the note, the defendant executed a mortgage that named the plaintiff as mortgagee. The note thereafter was negotiated to the plaintiff, and the mortgage was recorded on the Shelton land records. Since August 27, 2005, the defendant has made no payments on the note, either of principal or of interest.[3] A mortgage loan servicer acting on behalf of the plaintiff sent the defendant two notices of default, one dated September 12, 2005,[4]

---

[2] The defendant asserted a failure to comply with the notice requirement in the mortgage as a special defense before the trial court. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, supra, 72 Conn. App. 705.

[3] Although the defendant's answer included a denial of this allegation in the plaintiff's complaint, he did not contest his default in the proceedings relating to the plaintiff's motion for summary judgment. He similarly does not contest his default in his appeal to this court.

[4] The first notice provided in relevant part: "Our records indicate that your loan is in default. . . . To avoid the possibility of acceleration you must pay $5,178.13 by October 12, 2005, 2:00 P.M. Central Time in certified funds, to America's Servicing Company, P.O. Box 37297, Baltimore, MD

and another dated October 17, 2005.[5] In the absence of any response by the defendant to either of these notices, the plaintiff initiated foreclosure proceedings on December 7, 2005.

The only issue addressed by the trial court in its memorandum of decision granting the plaintiff's motion for summary judgment was whether the default notices sent by the plaintiff complied with the notice provisions in the mortgage. The court recognized that, to initiate foreclosure proceedings, the plaintiff was required to show that it had afforded the defendant not less than thirty days notice of his default and held that the plaintiff had done so. The defendant's appeal challenges the validity of this one ruling of the trial court.[6]

Our resolution of the defendant's appeal is governed by a well established standard of review. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary

21297-3297. If funds are not received by the above stated date, we will proceed to automatically accelerate your loan."

[5] In addition, the notice informed the defendant that "failure to pay this delinquency, plus additional payments and fees that may become due, will result in the acceleration of your Mortgage Note. Once acceleration has occurred, a foreclosure action, or any other remedy permitted under the terms of your Mortgage or Deed of Trust, may be initiated."

The second notice, in addition to replicating the standard provisions contained in the earlier notice, provided in relevant part: "Our records indicate that your loan is in default. . . . To avoid the possibility of acceleration you must pay $5,202.03 by November 16, 2005, 2:00 P.M. Central Time in certified funds, to America's Servicing Company, P.O. Box 37297, Baltimore, MD 21297-3297. If funds are not received by the above stated date, we will proceed to automatically accelerate your loan."

[6] We agree with the plaintiff that evidentiary issues that the defendant raised before the trial court have not been presented for appellate review. We note, further, that the defendant has abandoned his initial claim of the applicability of federal law governing foreclosure of residential mortgages. Finally, we decline to consider the defendant's claim, first raised in this appeal, that the terms of the promissory note, rather than the terms of the mortgage, state the applicable notice requirement.

judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 226, 896 A.2d 797 (2006). In this case, because the trial court's interpretation of the definitive terms of the mortgage resolved a question of law, our review is plenary. *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 494–95, 746 A.2d 1277 (2000).

It is undisputed that to accelerate the defendant's indebtedness and thereafter to initiate foreclosure proceedings, the mortgage required the plaintiff to give the defendant notice of his default in accordance with the provisions of covenant twenty-two therein. This covenant states that "[t]he notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this [mortgage] and foreclosure or sale of the Property." It is likewise undisputed that another provision in the mortgage, covenant fifteen, states that "[a]ny notice to Borrower . . . shall be deemed to have been given to Borrower when mailed by first class mail . . . ." The defendant concedes that the plaintiff issued two notices of default, the first day of which commenced, by the defendant's calculation, on September 13, 2005, and that the cure period of the second notice ended on November 16, 2005. The defendant likewise concedes that he failed to

respond to either notice. The only issue that is properly before us, therefore, is whether, as the mortgage required, the notices sent by the plaintiff, singly or jointly, afforded the defendant thirty days notice to cure his default so as to avoid acceleration of his debt and foreclosure.

The defendant maintains that the trial court, in granting the motion for summary judgment, improperly distinguished this case from this court's decision in *Bank of America, FSB* v. *Hanlon*, 65 Conn. App. 577, 783 A.2d 88 (2001). In *Hanlon*, this court held that, in calculating compliance with a temporal notice requirement in a mortgage, "the period is calculated by excluding the date notice issues and including the last day given to cure the default." Id., 583. Read literally, each of the default notices in this case similarly states a notice period that arguably fails to comply with the terms of the mortgage. The trial court held, however, that *Hanlon* was not controlling because the mortgage in this case provided, in covenant fifteen, that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail . . . ." The court held that, unlike the mortgage in *Hanlon*, this mortgage clause "definitively establishes the date upon which notice is deemed given." The defendant points out, however, that the *Hanlon* mortgage also contained a notice clause that, although somewhat differently worded, purported to link the mailing of notice by the mortgagee with the time at which notice was deemed to have been given to the mortgagor.

We need not, however, decide whether the trial court's analysis of *Hanlon* is persuasive if we may affirm the court's judgment on an alternate ground. An appellate court "is authorized to rely upon alternative grounds supported by the record to sustain a judgment." (Internal quotation marks omitted.) *Kelley* v. *Bonney*,

221 Conn. 549, 592, 606 A.2d 693 (1992). "Where the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it." *Morris* v. *Costa*, 174 Conn. 592, 597–98, 392 A.2d 468 (1978). The plaintiff reminds us that, as a result of the two notices of default that it sent to the defendant and its further delay in initiating foreclosure of its lien on the defendant's property, the defendant in fact had no fewer than sixty-five days to cure his default. The plaintiff argues that this extended period of notice of default was sufficient to demonstrate substantial compliance with the thirty day notice requirement in the mortgage. We agree.

On several occasions, this court has considered the role of substantial performance in the enforcement of contract obligations. The concept is not a novel one. Although the doctrine was most eloquently articulated in the celebrated case of *Jacob & Youngs, Inc.* v. *Kent*, 230 N.Y. 239, 129 N.E. 889 (1921), in the context of building contracts, it has long been recognized to have application as well to the enforcement of "contracts of all kinds . . . ." 8 A. Corbin, Contracts (Rev. Ed. 1999) § 36.2, p. 336. At issue in a claim of substantial performance is whether partial performance by one party is so "nearly equivalent to that for which the parties bargained" that it will "protect him from having his defaults considered as breaches" sufficient "to justify the other party in refusing" to comply with its own contractual obligations. 15 S. Williston, Contracts (4th Ed. Lord 2000) § 44:54, pp. 227–28.

"There is no simple test for determining whether substantial performance has been rendered"; *Hadden* v. *Consolidated Edison Co.*, 34 N.Y.2d 88, 96, 312 N.E.2d 445, 356 N.Y.S.2d 249 (1974); but among the factors to be considered is "the degree to which the purpose behind the contract has been frustrated . . . ." Id.

Although such a determination may involve a factual inquiry into the intention of the parties under the circumstances of a particular case; *Anderson* v. *Yaworski*, 120 Conn. 390, 399, 181 A. 205 (1935); if the relevant inquiry turns on the language of unambiguous contractual documents, applicability of the doctrine is a question of law. *Levine* v. *Massey*, 232 Conn. 272, 277–78, 654 A.2d 737 (1995).

Two recent precedents in this court provide ample support for applying the doctrine of substantial performance under the uncontested circumstances of this case. These cases are *Fidelity Bank* v. *Krenisky*, supra, 72 Conn. App. 700, and, most recently, *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray*, 96 Conn. App. 616, 902 A.2d 24 (2006).

In *Fidelity Bank* v. *Krenisky*, supra, 72 Conn. App. 700, the defendant debtors appealed from the judgment of foreclosure by sale, arguing that their failure to escrow funds for real estate taxes as required by the terms of their mortgage was not actionable because the plaintiff lender had failed to comply strictly with the terms of the default notice provisions of the mortgage as a condition precedent for accelerating their loan indebtedness. Id., 703, 709. The plaintiff conceded that its notice did not expressly set forth that the defendants had the right to reinstate their mortgage after the debt had been accelerated or "their right to contest foreclosure in court." Id., 709. Nonetheless, because the defendants had received sufficient actual notice of these rights, and "the plaintiff's deficient written notice caused no harm," this court concluded that the plaintiff had "substantially complied" with the stipulated notice requirements. Id., 712–13.

Furthermore, only two years ago, in *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray*, supra, 96 Conn. App. 616, this court reexamined at

length the principles underlying the enforcement of notice provisions. In that case, the defendant appealed from the judgment of strict foreclosure on the ground that the plaintiff, a condominium association, had failed to comply with bylaw requirements for notice within thirty days of its decision to levy fines against him for causing damage to another apartment. Id., 620–22. Even though the defendant in that case did not receive notice until nine months after the association's decision had been rendered, we held that literal enforcement of the thirty day provision was unwarranted because the defendant had suffered no prejudice as a result of the association's delay. Id., 625. We observed that the proper approach to the giving of notice is to focus on the principle of "fundamental fairness," of "affording parties the opportunity to be apprised when their interests are implicated in a given matter." Id., 622.

In deciding whether proper notice was given, we therefore look primarily to the actual notice received rather than asking whether there has been a "punctilious adherence to formality . . . ." (Internal quotation marks omitted.) Id., 623. Although generally "contracts should be enforced as written," we will not require "mechanistic compliance" with the letter of notice provisions if the particular circumstances of a case show that the actual notice received resulted in no prejudice and fairly apprised the noticed party of its contractual rights. (Internal quotation marks omitted.) Id.

In light of these precedents, we conclude that, in this case as well, "literal enforcement of the relevant notice provision would serve no purpose" because the defendant had actual notice of his right to cure his default prior to acceleration. See *Fidelity Bank* v. *Krenisky*, supra, 72 Conn. App. 712. Any possible discrepancy between the terms of the mortgage and the plaintiff's notices caused no harm to the defendant because he had sixty-five days of actual notice in which to protect

his property rights. "Literal enforcement of notice provisions when there is no prejudice is no more appropriate than literal enforcement of liquidated damages clauses when there are no damages." *Aetna Casualty & Surety Co.* v. *Murphy*, 206 Conn. 409, 418, 538 A.2d 219 (1988). We therefore affirm the trial court's judgment on the alternate ground that by sending a second notice letter, the plaintiff substantially complied with the notice requirements in the defendant's mortgage.

The judgment is affirmed and the case is remanded to the trial court for whatever further proceedings the court deems appropriate in light of the expiration of the date originally set for the foreclosure sale.[7]

In this opinion the other judges concurred.

---

[7] In the exercise of its equitable discretion on the remand, the court may consider a motion by the plaintiff to substitute a judgment of strict foreclosure for a judgment of foreclosure by sale and a motion for the award of attorney's fees.