******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CONRAD BOUCHARD *v.* TOWN OF DEEP RIVER
(AC 35972)

Alvord, Sheldon and Pellegrino, Js.

*Argued September 16, 2014—officially released February 24, 2015*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J.)

*James M. Harrington*, for the appellant (plaintiff).

*Thomas R. Gerarde*, with whom, on the brief, were
*Kristan M. Maccini* and *Rachel M. Bradford*, for the
appellee (defendant).

*Opinion*

PELLEGRINO, J. In this negligence action, the plaintiff, Conrad Bouchard, appeals from the summary judgment rendered in favor of the defendant, the town of Deep River. The plaintiff claims that the trial court improperly determined that his claims were barred by the doctrine of governmental immunity. We affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. The defendant operates a residential waste disposal and transfer station. The defendant permits members of the public to use the premises, and on June 29, 2011, the plaintiff, an invitee, was on such premises. On the premises, there is an elevated and open-sided concrete platform approximately six to eight feet above ground level. On one edge of the platform wall, there is a roll-off dumpster into which invitees were permitted to deposit waste and unwanted goods. The dumpster is designed for persons with trucks to be able to deposit material into it, but often is used by individuals who walk up on the raised platform and deposit waste material into the dumpster by hand.

On the date in question, after he made several trips to the dumpster carrying scrap lumber, the plaintiff looked into the dumpster to see if there was anything he could pull out and salvage. While walking on the raised platform near one edge of the dumpster, the plaintiff tripped and fell into it. The plaintiff fell approximately six to eight feet from the platform's surface to the dumpster's bottom. According to the plaintiff, the area from which he fell had been cleared of all debris. Consequently, the plaintiff was unaware of what caused him to trip and fall. None of the defendant's employees or any other person witnessed the plaintiff fall or knew that the plaintiff was at the dumpster that day. As a result of the fall, the plaintiff allegedly suffered injuries to his back. The plaintiff alleged that these injuries were caused by the negligence and carelessness of the defendant in violation of General Statutes § 52-557n.[1]

The plaintiff alleged in his amended complaint that he was injured while using a dumpster at a transfer station owned by the defendant. He further alleged that the defendant was negligent, in violation of § 52-557n, by failing to: (1) warn individuals of the dangerous condition, (2) inspect the premises, (3) provide caution signage or other visible warnings, and (4) install a protective measure to prevent persons from walking along the edge of the platform adjacent to the dumpster in compliance with the federal Occupational Safety and Health Administration (OSHA)[2] regulation codified in 29 C.F.R. § 1910.23 (c) (1).[3] In its motion for summary judgment, the defendant argued that the plaintiff's claims were barred by the doctrine of governmental immunity because the acts of maintenance, inspection

and issuance of warnings are discretionary acts entitled to such immunity, and the OSHA regulations impose duties on employers only to their employees, not to nonemployees such as the plaintiff. The plaintiff, in opposition to the motion for summary judgment, argued that whether the duty conferred upon the defendant under OSHA is ministerial or discretionary is a question of fact for the jury, and that OSHA regulations may be relied upon even by nonemployees as evidence of negligence.

The defendant filed a reply to the plaintiff's objection to the motion for summary judgment, highlighting the argument that: "[T]he plaintiff failed to satisfy the pleading requirements for sufficiently alleging a breach of ministerial duty. . . . The plaintiff . . . fails to recognize that simply alleging the violation of an arguably applicable OSHA Regulation § 1910.23 (c) (1) does not automatically create a ministerial duty." The plaintiff, in his sur-reply brief, argued that this OSHA regulation provides for no discretion, is clearly applicable to the facts of the present case, and was clearly violated by the defendant.

The court issued a memorandum of decision on July 16, 2013, granting the defendant's motion for summary judgment. In ruling in favor of the defendant, the court found that all the duties allegedly breached by the defendant were discretionary in nature, and thus the plaintiff's claims of negligence premised upon them were barred by governmental immunity, to which no exception applied. Further, the court stated that there was no evidence that the OSHA regulation applied to the platform adjacent to the dumpster at issue in this litigation; and, even if there was such evidence, the existence of such a regulation does not transform a discretionary legal duty to inspect and/or maintain a public premises in a reasonably safe condition into a ministerial duty to act in a prescribed manner. The court did not reach the other question discussed by the parties, namely, whether the plaintiff, as a nonemployee, could bring a claim of negligence premised on an alleged breach of an OSHA regulation. The plaintiff filed a motion for reconsideration, which was denied. This appeal followed.

On appeal, the plaintiff makes two claims of error concerning the court's rejection of its claim based upon the violation of its duties under the OSHA regulation.[4] First, the plaintiff claims that the court erred "in ruling as a matter of law that the defendant's compliance with the OSHA regulation . . . was discretionary." Second, the plaintiff claims that the court erred "in ruling on an alternative basis that even if compliance with the subject OSHA regulation was deemed to be a ministerial duty, there existed no question of fact as to whether the defendant failed to comply with that ministerial duty." We affirm the judgment of the trial court on the

alternative ground that OSHA imposes no duty of any kind upon the defendant for the benefit of the plaintiff because the plaintiff was never the defendant's employee.[5]

We begin with our standard of review. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Vendrella* v. *Astriab Family Ltd. Partnership*, 311 Conn. 301, 313, 87 A.3d 546 (2014).

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Id., 313–14.

We begin with the threshold issue of whether OSHA even applies to the circumstances of this case, which was briefed by both parties, here and before the trial court, and we believe is dispositive of this appeal. Our Supreme Court in *Grady* v. *Somers*, 294 Conn. 324, 349–50 n.28, 984 A.2d 684 (2009), acknowledged that circumstances exist where although the trial court did not reach a dispositive issue and the defendant did not raise that issue in a preliminary statement of issues as an alternative ground for affirmance pursuant to Practice Book § 63 (a) (1),[6] a court can still affirm the judgment of a trial court so long as the plaintiff is not prejudiced or unfairly surprised by the consideration of the issue. In *Grady*, our Supreme Court stated the following explanation as to when an appellate court can affirm on alternative grounds: "Ordinarily, we would not reach this issue because the trial court did not rule on it; see *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 568, 916 A.2d 5 (2007); and the defendant did not raise it in its preliminary statement of the issues filed pursuant to Practice Book § 63-4 (a) (1). See *Achillion Pharmaceuticals, Inc.* v. *Law*, 291 Conn. 525, 528 n.5, 970 A.2d 57 (2009). We will, however, resolve this issue as an alternate ground for affirmance because it is a question of law, the essential facts of which are undisputed, over which our review is plenary; see, e.g., *Pur-*

*zycki* v. *Fairfield*, 244 Conn. 101, 107–108 and n.4, 708 A.2d 937 (1998) (court resolved issue of qualified immunity where question of law presented and material facts undisputed); and the plaintiff will not be prejudiced or unfairly surprised by our consideration of this issue because it was he who had raised this issue initially both in his preliminary statement of the issues and in his appellate brief, as well as in his memorandum of law submitted to the trial court in opposition to the defendant's summary judgment motion. See *Connecticut Ins. Guaranty Assn.* v. *Fontaine*, 278 Conn. 779, 784 n.4, 900 A.2d 18 (2006); see also *Windels* v. *Environmental Protection Commission*, 284 Conn. 268, 303, 933 A.2d 256 (2007) (declining to reach alternate ground for affirmance when issue was not reached by trial court, and appellee did not file preliminary statement of issues indicating intent to raise alternate grounds, resulting in lack of notice to appellant, who did not have opportunity to address issue in opening brief)." *Grady* v. *Somers*, supra, 349–50 n.28; see also *Harris* v. *Bradley Memorial Hospital & Health Center, Inc.*, 306 Conn. 304, 322, 50 A.3d 841 (2012), cert. denied, U.S. , 133 S. Ct. 1809, 185 L. Ed. 2d 812 (2013); *Gerardi* v. *Bridgeport*, 294 Conn. 461, 466, 985 A.2d 328 (2010).

In the present case, the issue of the defendant's alleged duties to the plaintiff under OSHA were adequately raised before the trial court and briefed and argued before this court to warrant considering that issue as an alternative basis for affirming the trial court's granting of summary judgment. Specifically, the issue of whether the OSHA regulation applied to the plaintiff, as a nonemployee, was brought before the court in the defendant's motion for summary judgment and was addressed in the plaintiff's memorandum in opposition to the defendant's motion for summary judgment.

OSHA is designed to impose duties upon employers to ensure worksite safety for the benefit of their own employees as well as any other employees working on or at any worksite that is under the employer's control. See *Wendland* v. *Ridgefield Construction Services, Inc.*, 184 Conn. 173, 176–77, 439 A.2d 954 (1981). The regulations promulgated under OSHA outline the purpose and scope in relevant part as follows: "[T]he Secretary shall, as soon as practicable . . . by rule promulgate as an occupational safety or health standard any national consensus standard, and any established Federal standard, unless he determines that the promulgation of such a standard would not result in improved safety or health for *specifically designated employees*. . . ." (Emphasis added.) 29 C.F.R. § 1910.1 (a). The OSHA regulations further provide that the standards enumerated are applicable, with certain exceptions not relevant here, "*with respect to employments performed in a workplace in a State*"; (emphasis added) 29 C.F.R. § 1910.5 (a); and specifies that "[i]n the event a standard

protects on its face a class of persons larger than employees, the standard shall be applicable under this part only to employees and their employment and places of employment." 29 C.F.R. § 1910.5 (d). When §§ 1910.1 and 1910.5 are read in conjunction, it is clear that OSHA applies specifically to designated employees of workplaces in a given state.

On the date of the incident in question, June 29, 2011, there is no dispute that the plaintiff was not an employee of the defendant, nor has the plaintiff ever been an employee of the defendant. Therefore, the OSHA regulation cited by the plaintiff creates no duty at all, discretionary or ministerial, to him because of his status as a nonemployee. We therefore do not reach the substance of the plaintiff's claims because OSHA regulations are intended to benefit specifically designated employees and therefore do not apply to this plaintiff, who is a nonemployee. The court properly rendered summary judgment for the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-557n (a) provides: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

[2] 29 U.S.C. § 651 et seq.

[3] 29 C.F.R. § 1910.23 (c) (1) provides in relevant part: "Every open-sided floor or platform 4 feet or more above adjacent floor or ground level shall be guarded by a standard railing . . . on all open sides except where there is entrance to a ramp, stairway, or fixed ladder. . . ."

[4] In his appeal, the plaintiff does not challenge the court's decision on the plaintiff's other allegations regarding § 52-557n.

[5] "An appellate court is authorized to rely upon alternative grounds supported by the record to sustain a judgment. . . . Where the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it." (Citation omitted; internal quotation marks omitted.) *Mortgage Electrical Registration Systems, Inc.* v. *Goduto*, 110 Conn. App. 367, 372–73, 955 A.2d 544, cert. denied, 289 Conn. 956, 961 A.2d 420 (2008).

[6] Practice Book § 63-4 (a) provides in relevant part: "At the time the appellant sends a copy of the endorsed appeal form and the docket sheet to the appellate clerk, the appellant shall also send . . . the following: (1) A preliminary statement of the issues intended for presentation on appeal. If any appellee wishes to: (A) present for review alternative grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues . . . ."