******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## WELLS FARGO BANK, N.A. *v.* JAMES R. FITZPATRICK ET AL.
### (AC 41113)

Keller, Elgo and Bright, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendants J and M. In May, 2009, the plaintiff sent the defendants a letter notifying them that their loan was in default and advising them of the amount required to cure the default and its intent to accelerate the balance due if the default was not cured. When the default was not cured, the plaintiff commenced a foreclosure action, in which the law firm B Co. filed an appearance on behalf of the defendants. After that action was dismissed for dormancy in May, 2014, H Co., the law firm acting as counsel for the plaintiff, sent a letter to B Co. in June, 2014, instead of the property address, notifying them that the defendants' loan was in default. The defendants failed to cure the default and the plaintiff commenced a second foreclosure action in September, 2014. B Co. again entered an appearance on behalf of the defendants. Following a trial, the court denied a motion to dismiss filed by the defendants, in which they alleged that the plaintiff had failed to establish a notice of default against the defendants, which is a condition precedent to the foreclosure. The trial court considered the 2009 letter and the 2014 letter jointly as substantively affording the defendants the requisite notice. The trial court then concluded that the plaintiff was entitled to a judgment of foreclosure by sale, and that although the defendants had proven their special defense of unclean hands, they failed to prove their special defenses of laches and failure to mitigate damages. On the defendants' appeal to this court, *held*:

1. The defendants' claim that the plaintiff had failed to provide them with proper notice as required by the mortgage deed was unavailing; the trial court properly determined that the 2009 and 2014 letters together substantially complied with the notice requirements of the mortgage deed, as counsel for the defendants conceded at trial that the contents of the 2014 letter satisfied the notice requirements of the mortgage, the defendants did not dispute that they received the 2014 letter, they claimed no prejudice from the manner in which they received it, and they had received the 2009 letter prior to the first foreclosure action in which they had actively participated, and, therefore, it was indisputable that they had actual notice of their default and the possibility that they faced a foreclosure action when the second action was commenced.

2. The trial court's finding that the defendants did not prove their special defense of laches was not clearly erroneous; the defendant did not submit any evidence from which the court could have found that they were prejudiced by any alleged delay of the plaintiff in pursuing the foreclosure action, and the trial court reduced the interest that accrued while the first foreclosure action was pending, which equitably addressed any delay in the first foreclosure action.

Argued December 12, 2018—officially released May 21, 2019

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Hon. Richard P. Gilardi*, judge trial referee, granted the plaintiff's motion to cite in Carbone Financing Services, LLC, as a party defendant; thereafter, the named defendant et al. were defaulted for failure to plead; subsequently, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the motion filed by the named defendant et al.

to open the default; thereafter, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the plaintiff's motion to dismiss the counterclaim filed by the named defendant et al.; subsequently, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, denied the motion to dismiss filed by the named defendant et al. and granted in part the plaintiff's motion for a judgment of strict foreclosure and rendered a judgment of foreclosure by sale, from which the named defendant et al. appealed to this court. *Affirmed*.

*Bryan L. LeClerc*, for the appellants (defendants).

*David M. Bizar*, with whom was *J. Patrick Kennedy*, for the appellee (plaintiff).

*Opinion*

ELGO, J. The defendants, James R. Fitzpatrick and Marsha A. Fitzpatrick,[1] appeal from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, Wells Fargo Bank, N.A. On appeal, the defendants claim that the court improperly (1) denied their motion to dismiss and rendered judgment of foreclosure by sale because the plaintiff did not comply with the terms of the note and mortgage, namely, compliance with the notice requirements, and (2) concluded that the defendants had not proved their special defense of laches. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the present appeal. On January 31, 2003, the defendants executed and delivered a promissory note payable to World Savings Bank, FSB, in the original principal amount of $315,000. The loan was secured by a mortgage deed on the property. The mortgage deed was executed and delivered on January 31, 2003. Effective December 31, 2007, World Savings Bank, FSB, was renamed Wachovia Mortgage, FSB (Wachovia).

The defendants have been in default on the note and mortgage deed since March 1, 2009. On May 13, 2009, Wachovia sent a letter to the defendants at the property address by first class mail and certified mail, notifying them that the loan was in default and advising them of the amount required to cure the default and its intent to accelerate if the default was not cured (2009 letter). When the defendants failed to cure the default, Wachovia elected to accelerate the balance due on the note, declare the note due in full, and foreclose the mortgage deed securing the note. Wachovia commenced a foreclosure action against the defendants on July 27, 2009 (first foreclosure action). Berchem Moses, P.C. (Berchem Moses),[2] filed an appearance on behalf of the defendants on August 4, 2009. Effective November 1, 2009, Wachovia converted to a national bank with the name Wells Fargo Bank Southwest, National Association, and merged with and into the plaintiff.[3] The first foreclosure action was in foreclosure mediation for approximately two years; the mediation period was terminated by the court on September 29, 2011. The first foreclosure action subsequently was dismissed for dormancy on May 8, 2014.

On June 19, 2014, the law firm formerly known as Hunt Leibert Jacobson, P.C., acting in its capacity as counsel to the plaintiff, sent a letter by certified mail, return receipt requested, to Berchem Moses notifying them, inter alia, that the note was in default (2014 letter). The 2014 letter listed the plaintiff as the creditor, the loan number, and the property address and stated, in relevant part: "Dear BERCHEM MOSES & DEVLIN PC: We are writing to you as counsel for BERCHEM MOSES & DEVLIN PC, MARSHA A FITZPATRICK*.

Please be advised that this office represents WELLS FARGO BANK, N.A., who is the holder of a certain Note (the 'Note') and Open-End Mortgage (the 'Mortgage') made by you originally in favor of WORLD SAVINGS BANK, FSB dated January 31, 2003 in the original principal amount of $315,000.00. This is to advise you that the above-referenced Note and Mortgage is in DEFAULT because installments of principal and interest have not been paid when due. The amount of payments and other charges due is $218,906.08 as of July 19, 2014 (Please see attached itemization). If the full amount needed to bring the loan current has not been paid on/or before said date, WELLS FARGO BANK, N.A. will declare all sums secured by the mortgage immediately due and payable (technically called acceleration) without further demand." A memo sent with the 2014 letter to Berchem Moses provided in relevant part: "Pursuant to the language in the mortgage deed you signed, the Lender is required to advise you that you have the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of sums secured by the Mortgage without further demand and may invoke any of the remedies permitted by Applicable Law."

The defendants failed to cure the default and the plaintiff elected to accelerate the balance due on the note, to declare the note due in full, and to institute foreclosure of the mortgage deed securing the note. The plaintiff then commenced the present foreclosure action against the defendants on September 26, 2014. On October 21, 2014, Berchem Moses entered an appearance on behalf of the defendants. On September 16, 2016, the plaintiff's motion to default the defendants for failure to plead was granted. On that same date, the defendants filed a motion to open the default and filed their answer with three special defenses and a counterclaim.[4] The defendants' motion to open the default was granted on September 28, 2016.

The action was tried to the court on July 18, 2017. At the close of the plaintiff's case, the defendants moved to dismiss the case "based upon the plaintiff's failure to establish a prima facie case, specifically their failure to establish a notice of default against the defendants, which is a condition precedent to the foreclosure." After a recess, the court denied the defendants' motion to dismiss. The court, relying on *Mortgage Electronic Registration Systems, Inc.* v. *Goduto*, 110 Conn. App. 367, 955 A.2d 544, cert. denied, 289 Conn. 956, 961 A.2d 420 (2008), considered the 2009 letter and the 2014 letter jointly as substantively affording the defendants the requisite notice in paragraph twenty-two of the mortgage deed. The court further noted the absence of any prejudice to the defendants, and that the 2014 letter was

sent to the defendants' counsel within approximately thirty days of the dismissal of the first foreclosure case. In its memorandum of decision, the court concluded that the plaintiff was entitled to a judgment of foreclosure by sale against the defendants. The court also concluded that the defendants had proven their first special defense of unclean hands,[5] but failed to prove their second and third special defenses of laches and failure to mitigate damages. This appeal followed. Additional facts will be set forth as necessary.

I

The defendants first claim that the plaintiff failed to provide them with proper notice as required by paragraphs fifteen and twenty-two of the mortgage deed. Specifically, the defendants argue that the contents of the 2014 letter should not be considered by the court because it was sent to Berchem Moses instead of the property address and further contend that the 2009 letter considered alone does not constitute sufficient notice.[6] In the alternative, the defendants argue that the 2009 letter and 2014 letter together do not constitute sufficient notice.

In response, the plaintiff contends that, "by admitting the adequacy of [the] notice in their answer to the complaint and by failing to file a special defense," the defendants have waived their right to challenge the sufficiency of the notice. The plaintiff argues that the defendants admitted that the notice was adequate in their answer when they did not specifically deny paragraph six of the complaint, which states: "The plaintiff has provided written notice in accordance with the note and mortgage to the defendant(s) of the default under the note and mortgage, but said defendant(s) have failed and neglected to cure the default. The plaintiff has elected to accelerate the balance due on said note, to declare said note to be due in full and to foreclose the mortgage securing said note." In response, the defendants answered: "The allegations of paragraph 6 are admitted to the extent that the plaintiff declared the note in default and elected to accelerate the balance due, declared the note to [be] due in full and commenced a foreclosure of the mortgage. The defendants deny that monies are owed to the plaintiff." The plaintiff asks us to read this as a judicially binding admission by the defendants that the plaintiff had provided them with compliant notice under the note and mortgage deed. Although we decline to read the defendants' answer so broadly, we note that the defendants in their answer did not deny that they had received the 2014 letter sent to Berchem Moses. Indeed, the defendants have never advanced that argument and, instead, contend that the 2014 letter was improper notice because it was not sent to the property address.[7]

We begin by noting that "[i]t is well established that [n]otices of default and acceleration are controlled by

the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly. The primary rule of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transactions. . . . A promissory note and a mortgage deed are deemed parts of one transaction and must be construed together as such. . . .

"In construing a deed, a court must consider the language and terms of the instrument as a whole. . . . Moreover, the words [in the deed] are to be given their ordinary popular meaning, unless their context, or the circumstances, show that a special meaning was intended. . . .

"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies. . . . In construing a contract, the controlling factor is normally the intent expressed in the contract, not the intent which the parties may have had or which the court believes they ought to have had. . . . Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . .

"Notice provisions in mortgage documents usually require default notices to contain specific information, which serves a very clear and specific purpose; it informs mortgagors of their rights so that they may act to protect them. Therefore, when the terms of the note and mortgage require notice of default, proper notice is a condition precedent to an action for foreclosure. . . . Consequently, we must determine whether such a condition precedent was satisfied in the present case." (Citations omitted; internal quotation marks omitted.) *Emigrant Mortgage Co.* v. *D'Agostino*, 94 Conn. App. 793, 798–800, 896 A.2d 814, cert. denied, 278 Conn. 919, 901 A.2d 43 (2006).

Paragraphs twenty-two and fifteen of the mortgage deed contain the relevant notice provisions in the present case. Paragraph twenty-two states in relevant part: "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of

the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale." Paragraph fifteen of the mortgage deed provides in relevant part: "Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. . . . The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender."

Although they challenged the manner in which the 2014 letter was sent, the defendants conceded before the trial court that the contents of the 2014 letter provide "everything specifically required by the mortgage."[8] Accordingly, we will not entertain on appeal their claim that the 2014 letter was substantively inadequate. See *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 619, 99 A.3d 1079 (2014) ("Our appellate courts, as a general practice, will not review claims made for the first time on appeal. We repeatedly have held that [a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." [Internal quotation marks omitted.]).

The defendants principally rely on this court's decision in *Aurora Loan Services, LLC* v. *Condron*, 181 Conn. App. 248, 186 A.3d 708 (2018), to support their position that, because the 2014 letter was not sent to them at the property address as required by paragraph fifteen of the mortgage, "there is no evidence of actual delivery as required to set forth a prima facie case." In *Aurora*, the defendants claimed that they *did not receive* the single notice of default letter sent by the plaintiff via certified mail, return receipt requested, and the plaintiff did not offer evidence to confirm actual delivery of the letter.[9] Id., 252–53. As this court noted: "The plain intent of the notification requirements . . . of the mortgage deed is to provide notice of a default to a [mortgagor] prior to the commencement of a foreclosure proceeding." Id., 272. Because the defendants claimed that they did not receive the noncompliant notice of default letter and there was no evidence that they did so, this court determined that the plaintiff in that case failed to satisfy the contractual condition precedent to foreclosure. Id., 276. The present case is materially different. Unlike the defendants in *Aurora*, the defendants in the present case do not argue that they did not receive notice of the default and the possibility that they faced a foreclosure action. In the present case, the defendants had actual notice of the default and the possibility that they faced a foreclosure because they had been through the first foreclosure action and admittedly received the 2009 letter before the first foreclosure action was commenced against them.

This court has applied the doctrine of substantial compliance to contract notice provisions. See *Mortgage Electronic Registration Systems, Inc.* v. *Goduto*, supra, 110 Conn. App. 373 (mortgage notice provision required plaintiff to afford defendants thirty days notice to cure default); *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray*, 96 Conn. App. 616, 624–25, 902 A.2d 24 (2006) (condominium association bylaws required written notice within thirty days of decision); *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 714–15, 807 A.2d 968 (mortgage notice provision required plaintiff to inform defendants that they may assert in court nonexistence of default or other defense), cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002). In *Mortgage Electronic Registration Systems, Inc.* v. *Goduto*, supra, 376, this court affirmed the trial court's judgment "on the alternate ground that by sending a second notice letter, the plaintiff substantially complied with the notice requirements in the defendant's mortgage." It concluded that "the two notices [of default], read jointly, substantially afforded the debtor the requisite notice." Id., 368. This court explained that "[i]n deciding whether proper notice was given, we . . . look primarily to the actual notice received rather than asking whether there has been a punctilious adherence to formality . . . . Although generally contracts should be enforced as written, we will not require mechanistic compliance with the letter of notice provisions if the particular circumstances of a case show that the actual notice received resulted in no prejudice and fairly apprised the noticed party of its contractual rights." (Citation omitted; internal quotation marks omitted.) Id., 375.

In the present case, counsel for the defendants conceded at trial that the 2014 letter satisfied the notice requirements in paragraph twenty-two of the mortgage. The defendants do not dispute that they received the 2014 letter and they claim no prejudice from the manner in which they received it. In addition, they had received the 2009 letter prior to the first foreclosure action and had actively participated in it. Consequently, it is indisputable that they had actual notice of their default and the possibility that they faced a foreclosure action when the second action was commenced. Accordingly, we conclude that the trial court properly determined that, pursuant to this court's decision in *Goduto*, the two letters together substantially complied with the mortgage deed's notice requirements.

## II

The defendants also claim that the court improperly failed to find that they had proven their special defense of laches. In response, the plaintiff argues that the defendants failed to meet their burden of proving laches. We agree with the plaintiff.

"The standard of review that governs appellate claims

with respect to the law of laches is well established. A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law. . . . We must defer to the court's findings of fact unless they are clearly erroneous. . . .

"The defense of laches, if proven, bars a plaintiff from seeking equitable relief . . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . *The burden is on the party alleging laches to establish that defense.* . . . The mere lapse of time does not constitute laches . . . unless it results in prejudice to the [opposing party] . . . as where, for example, the [opposing party] is led to change his position with respect to the matter in question." (Emphasis added; internal quotation marks omitted.) *R. F. Daddario & Sons, Inc.* v. *Shelansky*, 123 Conn. App. 725, 737, 3 A.3d 957 (2010).

The defendants argue that they are entitled to a finding of laches because "the plaintiff has allowed a period of over nine years to pass in this foreclosure action. During that time it has failed to pursue this matter with due diligence, and has failed to comply with the specific terms of the note and mortgage regarding the alleged default." The defendants, however, have failed to assert, before the trial court or on appeal, how they have been prejudiced. Indeed, no evidence was submitted on which the court could have found that the defendants suffered any prejudice and, in fact, the court reduced the interest that accrued while the first foreclosure action was pending, which equitably addressed any delay in the first foreclosure action. See footnote 5 of this opinion. The only evidence presented by the defendants in this action consisted of their request that the court take judicial notice of the first foreclosure action. Accordingly, because the defendants did not submit any evidence from which the court could have found that they were prejudiced, we conclude that the court's finding that the defendants did not prove their special defense of laches was not clearly erroneous. See *Wolyniec* v. *Wolyniec*, 188 Conn. App. 53, 68, 203 A.3d 1269 (2019) ("[a]lthough the court made no express findings of fact with respect to laches . . . [a]fter examining the record in the present case, we conclude that no evidence was admitted from which the court could have found that the plaintiff was prejudiced by the defendant's delay in filing her motion for contempt" [internal quotation marks omitted]); *Carpender* v. *Sigel*, 142 Conn. App. 379, 387, 67 A.3d 1011 (2013) ("In the present case, no evidence was admitted on which the court could have found that the plaintiff was prejudiced . . . . Accordingly, the court improperly concluded that the defendants' claim . . . was barred by laches.").

The judgment is affirmed.

In this opinion the other judges concurred.

[1] For convenience, we refer to James R. Fitzpatrick and Marsha A. Fitzpatrick as the defendants in this opinion. We note that the operative complaint also named the United States of America Internal Revenue Service; Manny Rodrigues; Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc., formerly known as Option One Mortgage Corporation; Ford Motor Credit Company, LLC, formerly known as Ford Motor Credit Company; Capital One Bank; and Carbone Financing Services, LLC, as defendants in this action.

[2] At the time that the first foreclosure action was commenced, Berchem Moses, P.C., was known as Berchem Moses & Devlin, P.C.

[3] The plaintiff filed a motion to substitute a party plaintiff on December 15, 2009, which was granted by the court on January 4, 2010.

[4] The defendants alleged the special defenses of (1) unclean hands, (2) laches, and (3) failure to mitigate damages. In their counterclaim, the defendants sought a discharge of the mortgage pursuant to General Statutes § 49-13. In a memorandum of decision dated June 20, 2017, that counterclaim was dismissed by the court. The defendants have not challenged on appeal the dismissal of their counterclaim.

[5] Specifically, the court determined that the defendants were entitled to an interest credit for proving their first special defense of unclean hands in the amount of $46,004. The court determined that there were 868 days of unexplained delay by the plaintiff in pursuing the first foreclosure action and that the per diem interest on the unpaid principal balance amounted to $53 per day. The court multiplied the per diem interest by the 868 days of the unexplained delay to calculate the defendants' interest credit. The propriety of that determination is not at issue in this appeal.

[6] In particular, the defendants argue that the 2009 letter was inadequate because it did not comply with subsection (c) of the notice provision, which states that the notice shall specify "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured . . . ." The defendants also argue that the 2009 letter was inadequate because it did not comply with subsection (d), which states that the notice shall provide "that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property." In light of the fact that the defendants concede that the 2014 letter was substantively adequate; see footnote 7 of this opinion; and our conclusion that the 2009 letter and 2014 letter together substantially complied with the mortgage deed's notice provisions, we need not address the defendant's arguments as to the deficiencies of the 2009 letter.

[7] The plaintiff also argues that the defendants waived their right to challenge the notice provided by the two letters because they failed to file a special defense. The plaintiff asserts that our decision in *Mortgage Electronic Registration Systems*, *Inc.* v. *Goduto*, supra, 110 Conn. App. 367, "shows [that the] [d]efendants were required to plead lack of notice or its inadequacy as a special defense . . . ." In that case, this court noted in a footnote that the defendant asserted a failure to comply with the mortgage's notice requirement as a special defense before the trial court. Id., 369 n.2. The plaintiff misconstrues the observation made by this court in *Goduto*. Nothing about that decision implies that the defendant in that case was required to file a special defense in order to challenge the adequacy of the notice provided by the plaintiff. Further, because the plaintiff's obligation to provide notice is a condition precedent to the foreclosure action and a part of a prima facie case; see *Deutsche Bank National Trust Co. v. Bliss*, 159 Conn. App. 483, 495, 124 A.3d 890 ("[a] plaintiff establishes its prima facie case in a mortgage foreclosure action by demonstrating by a preponderance of the evidence that it is the owner of the note, that the defendant mortgagor has defaulted on the note, and that conditions precedent to foreclosure have been satisfied"), cert. denied, 320 Conn. 903, 127 A.3d 186 (2015), cert. denied, U.S. , 136 S. Ct. 2466, 195 L. Ed. 2d 801 (2016); we decline to hold that a defendant must plead lack of notice or insufficient notice as a special defense in order to challenge that condition precedent.

[8] In their appellate brief, the defendants challenge only one aspect of the contents of the 2014 letter, and the plaintiff argues that the defendants have waived their ability to raise that challenge. We agree. At oral argument before the trial court, counsel for the defendants acknowledged the deficiencies of the contents of the 2009 letter but specifically stated that the 2014 letter's

contents followed the provisions of the mortgage's notice requirements: "And if you look at [the 2009 letter], this is not a default letter. One can call it a default letter, as the witness did. However, the last paragraph on the first page said it is our intent to declare your loan past due and payable immediately if the above-mentioned breach is not remedied. And it gives some options: let's have a face-to-face meeting; you can contact Connecticut Housing Finance Authority. It talks about what their future intent is. It is nowhere close to being the actual default letter as required by the mortgage itself and as was sent in [the 2014 letter], which is clearly a default letter *which follows the provisions of the mortgage itself* with the notifications required, the amounts, the periods, *everything specifically required by the mortgage*. That is a condition precedent; they have not met it." (Emphasis added.) Furthermore, after counsel for the plaintiff argued that the 2014 letter should be considered by the court, that the two letters together constituted substantial compliance, and that, "on its face, the [2014] letter is clearly compliant," the court began to go through the contents of the 2014 letter to see if it complied with the mortgage's notice requirements, and counsel for the defendants responded not by discussing any deficiency in the contents of the 2014 letter, but by again arguing that the letter was not addressed to the borrower as required by the note.

[9] Paragraph fifteen of the mortgage in *Aurora Loan Services, LLC* v. *Condron*, supra, 181 Conn. App. 263–64, like paragraph fifteen of the mortgage in the present case, specified that a presumption of receipt would exist when notice is sent to the borrowers by first class mail.

––––––––––––––––––––––––––––––––