## JAMES CATALINA *v.* JAMES NICOLELLI
### (AC 24946)

Lavery, C. J., and Schaller and Hennessy, Js.

Submitted on briefs February 24—officially released July 12, 2005

*Alphonse J. Balzano, Jr.*, filed a brief for the appellant (plaintiff).

LAVERY, C. J. The plaintiff, James Catalina, appeals from the judgment of the trial court rendered in his favor as against the defendant, James Nicolelli, challenging the denial of the plaintiff's motion to set aside the judgment. On appeal, the plaintiff claims that the court improperly denied his motion because the court failed to render judgment in his favor on all counts of his complaint following an entry of default against the defendant and allowed the defendant inappropriately to dispute the allegations in the complaint at the hearing in damages. We agree and reverse the judgment of the trial court in part.

The plaintiff initiated this action for damages against the defendant for negligent assault, reckless and wanton misconduct and intentional assault. The plaintiff alleged that on November 19, 1999, he was stabbed by the defendant. On March 14, 2002, the plaintiff filed a motion for the entry of a default against the defendant for failure to plead, which was granted. A hearing in damages was held and, on May 17, 2002, the court rendered judgment and an award in favor of the plaintiff only on the negligent assault claim. The plaintiff filed a motion to set aside the judgment, which initially was denied, but the order denying the motion subsequently was vacated. The court held a hearing, and then again denied the motion. This appeal followed.

"[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict . . . [is] the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . .

determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Maag* v. *Homechek Real Estate Services, Inc.*, 82 Conn. App. 201, 211–12, 843 A.2d 619, cert. denied, 269 Conn. 908, 852 A.2d 737 (2004).

In this case, default was entered against the defendant for his failure to plead. "A default admits the material facts that constitute a cause of action . . . *and entry of default, when appropriately made, conclusively determines the liability of a defendant.* . . . If the allegations of the plaintiff's complaint are sufficient on their face to make out a valid claim for the relief requested, the plaintiff, on the entry of a default against the defendant, need not offer evidence to support those allegations. . . . Therefore, the only issue before the court following a default is the determination of damages. . . . A plaintiff ordinarily is entitled to at least nominal damages following an entry of default against a defendant in a legal action. . . .

"In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. It is not the equivalent of an admission of all of the facts pleaded. The limit of its effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment. It does not follow that the plaintiff is entitled to a judgment for the full amount of the relief claimed. The plaintiff must still prove how much of the judgment prayed for in the complaint he is entitled to receive." (Citations omitted; emphasis added; internal quotation marks omitted.) *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.*, 76 Conn. App. 627, 629–30, 820 A.2d 1105 (2003).

At the hearing in damages in this case, the court allowed the defendant to introduce evidence contradicting the allegations in the complaint. That was permitted even though prior to the hearing, the defendant neither provided written notice of his intent to contradict the allegations in the complaint; Practice Book § 17-34; nor filed a motion to open the default. Practice Book § 17-43. After hearing evidence, the court found that "[t]he defendant denied the stabbing while the plaintiff's testimony was startling in that he apparently didn't realize he had been stabbed at first. Absent testimony as to how this occurred, or even what the weapon was, the court concludes that the defendant committed a negligent assault on the plaintiff and is liable on the first count for his damages."

General Statutes § 52-221 (a) provides in relevant part: "In any hearing in damages upon default . . . the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damage, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain the action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense."

Additionally, Practice Book § 17-34 (a) provides that "[i]n any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict . . . ." "Under these circumstances, the underlying purpose of a hearing in

damages is to assist the trial court in determining the amount of damages to be awarded. . . . [A]t the very least, [the plaintiff] is entitled to nominal damages. . . . Further, [a] default in an action for legal and equitable relief admits the material facts constituting a cause of action." (Citations omitted; internal quotation marks omitted.) *Baldwin* v. *Harmony Builders, Inc.*, 31 Conn. App. 242, 244–45, 624 A.2d 393 (1993).

After the court found in favor of the plaintiff only on the negligent assault count, the plaintiff filed a motion to set aside the judgment, claiming that judgment should have been rendered in his favor on all counts. The motion was denied. In its memorandum of decision, the court stated that "[t]he plaintiff seeks to set aside [the judgment], claiming that he is entitled to judgment on all three counts since the defendant had been defaulted. The court asked for some law to support this proposition, but none has been forthcoming, save for a reference to § 17-34 of the Practice Book. That section permits a defaulted party to offer evidence as to the amount of damages. This is what he was permitted to do at the trial."

We disagree. The court improperly allowed the defendant to do more than offer evidence as to damages; it permitted the defendant to contradict the allegations in the complaint. The court's requirement that there be testimony to explain why the plaintiff did not initially realize that he had been stabbed and to explain away the defendant's statements that he did not stab the plaintiff improperly required the plaintiff to prove the allegations in his complaint. This was not a case in which there was a finding that the allegations in the complaint were insufficient on their face to make out a valid claim and, therefore, the court improperly failed to render judgment in favor of the plaintiff on all three counts. The entry of default, in effect, was the equivalent of the defendant admitting the allegations underlying

the plaintiff's claim for damages. See *Murray* v. *Taylor*, 65 Conn. App. 300, 335, 782 A.2d 702 (court improperly set aside verdict in plaintiff's favor when it allowed defaulted defendant to contest allegations, finding of proximate cause), cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001). At a minimum, it was incumbent on the court to enter an award of nominal damages to reflect the fact that judgment could not be rendered in favor of the defendant.

The court's actions are explained to some extent by its concern regarding the rendering of judgment in favor of the plaintiff on all of the counts. It stated that it believed that "the counts may not be consistent with each other." Although we recognize an inconsistency in a judgment finding that a defendant's conduct was both intentional and negligent,[1] a "defendant's wilful and inexcusable failure to [plead] forever bars a judgment in his favor, even though he may later be found to be liable for only nominal damages." *Ratner* v. *Willametz*, 9 Conn. App. 565, 579, 520 A.2d 621 (1987). The entry of a default against the defendant acts as an admission of the allegations in the complaint and is analogous to cases in which the defendant never objected to this type of inconsistency. See *Barrese* v. *DeFillippo*, 45 Conn. App. 102, 104, 694 A.2d 797 (1997) (court refused to review unpreserved claim of inconsistency in findings that conduct was both intentional, negligent); *Peters* v. *Carra*, 10 Conn. App. 410, 412, 523 A.2d 922 (1987) (judgment affirmed because defendant never required plaintiff to choose between intentional and

[1] We note that "the same conduct [cannot] reasonably be determined to have been both intentionally and negligently tortious. . . . [I]ntentional conduct and negligent conduct, although differing only by a matter of degree . . . are separate and mutually exclusive. . . . Although in a given case there may be doubt about whether one acted intentionally or negligently, the difference in meaning is clear." (Citations omitted; internal quotation marks omitted.) *DaCruz* v. *State Farm Fire & Casualty Co.*, 268 Conn. 675, 693, 846 A.3d 849 (2004).

negligent assault or to clarify any perceived inconsistencies). Thus, it is possible to have an inconsistent judgment rendered in favor of a plaintiff because of the entry of a default against a defendant.

Although judgment must be rendered in favor of the plaintiff on all counts, we are aware that all three of the claims are based on the same actions and loss. Duplicate recoveries must not be awarded for the same underlying loss under different legal theories. *Jonap* v. *Silver*, 1 Conn. App. 550, 561–62, 474 A.2d 800 (1984). Although a plaintiff is entitled to allege alternative theories of liability in separate claims, he is not entitled to recover twice for harm growing out of the same transaction, occurrence or event. Id., 561. Accordingly, upon remand, after rendering judgment in the plaintiff's favor on the entire complaint, the court should not award additional compensatory damages based on the second and third counts but, rather, should reassign the existing economic and noneconomic damages award so that it relates generally to the revised judgment on the entire complaint. The court must also determine, however, whether the plaintiff is entitled to additional recovery in the form of common-law punitive damages[2] for the intentional tort after the rendering of judgment in his favor on the intentional assault count. See *Larsen Chelsey Realty Co.* v. *Larsen*, 232 Conn. 480, 517, 656 A.2d 1009 (1995).

In conclusion, we determine that the court improperly failed to render judgment in favor of the plaintiff on all three counts and incorrectly allowed the defendant to contradict the allegations in the plaintiff's complaint without proper notice of his intent to do so. On remand, the court must render judgment in favor of the

---

[2] "Under Connecticut common law, the term 'punitive damages' refers to the expenses of bringing the legal action, including attorney's fees, less taxable costs." *Larsen Chelsey Realty Co.* v. *Larsen*, 232 Conn. 480, 517 n.38, 656 A.2d 1009 (1995).

plaintiff on all three counts of the complaint, and it must restrict its inquiry to the amount of damages that the plaintiff may recover.

The judgment is reversed in part and the case is remanded with direction to render judgment in favor of the plaintiff on all three counts of the complaint and for further proceedings in accordance with law.

In this opinion the other judges concurred.