******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# NATIONSTAR MORTGAGE, LLC *v.* ROBERT GABRIEL ET AL.
## (AC 42747)

Moll, Suarez and DiPentima, Js.

*Syllabus*

The plaintiff mortgage company brought a summary process action against the defendants, tenants of residential property, seeking immediate possession of the premises on the ground that the defendants' rights to occupy had terminated. According to the return of service, each defendant was served with a copy of the notice to quit by abode service. Following the defendants' failure to plead, the trial court granted the plaintiff's motion for default and rendered judgment of possession in favor of the plaintiff. The defendants thereafter filed a motion to dismiss for lack of subject matter jurisdiction, claiming that the notice to quit was not served on all of the designated occupants of the property, as required by statute (§ 47a-23). The defendants filed an affidavit of one of the occupants in support thereof and also filed a motion to open the judgment of possession. The trial court denied both of the defendants' motions. On appeal, the defendants claim that the trial court erred in denying their request for an evidentiary hearing despite their having raised a disputed issue of fact and that the absence of an evidentiary hearing led to clearly erroneous findings by the trial court. *Held* that the trial court properly denied the defendants' motion to dismiss, as there was ample evidence to support the court's finding that the defendants were served with the notice to quit; the marshal's return of service was prima facie evidence that each defendant had been served by abode service, the affidavit submitted by the defendants, which was the only evidence submitted in support of their motion, did nothing to create a genuine dispute as to any pertinent jurisdictional fact, as it merely acknowledged that the affiant was serviced and made no statement based on the personal knowledge that the other defendants were not served, and there was no affidavit or other documentation from any other defendant to demonstrate that he or she had not been served in any manner, and, therefore, the court was not required to hold an evidentiary hearing before ruling on the motion to dismiss.

Argued September 10—officially released October 20, 2020

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Stamford-Norwalk, Housing Session at Norwalk, and tried to the court, *Spader, J.*; judgment for the plaintiff, from which the defendants appealed to this court. *Affirmed.*

*Harold R. Burke*, for the appellants (defendants).

*Peter A. Ventre*, with whom, on the brief, was *Crystal L. Cooke*, for the appellee (plaintiff).

*Opinion*

MOLL, J. In this summary process action, the defendants, Robert Gabriel, Pamela P. Gabriel, Elizabeth Gabriel, John Doe I, John Doe II, Jane Doe I, and Jane Doe II, appeal from the judgment of possession rendered by the trial court in favor of the plaintiff, Nationstar Mortgage, LLC, as well as from the court's denials of their postjudgment motions to open and to dismiss for lack of subject matter jurisdiction. On appeal, the defendants limit their challenge to the court's denial of their motion to dismiss. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In February, 2019, the plaintiff brought the underlying summary process action to evict the defendants from residential real property located at 21 Richmond Hill Road in Greenwich (property), after several years of protracted foreclosure proceedings.[1] The notice to quit, dated January 16, 2019, directed the defendants to quit possession or occupancy of the property on or before January 30, 2019 (notice to quit), on the ground that they originally had the right or privilege to occupy the property but that such right or privilege had terminated. According to the return of service completed by the state marshal in connection with the notice to quit (return of service), each defendant was served on January 21, 2019, with a copy thereof by way of abode service at the address of the subject property and "afterwards, in Bridgeport, on the 21st of January, 2019" (this latter language did not appear in the return of service with respect to Jane Doe II). The defendants, through their attorney, filed an appearance on February 25, 2019, but failed to file an answer or other responsive pleading. On March 14, 2019, the plaintiff filed a motion for default for failure to plead and for judgment of possession. See General Statutes § 47a-26a.[2] On March 20, 2019, following the defendants' failure to plead within three days,[3] the trial court granted the plaintiff's motion for default and rendered a judgment of possession in favor of the plaintiff.

On March 25, 2019, the defendants filed a postjudgment motion to dismiss for lack of subject matter jurisdiction, claiming that the notice to quit was not served on all designated occupants of the property, as required by General Statutes § 47a-23 (a) and (c).[4] In support of their motion to dismiss, the defendants submitted the affidavit of Stephen Gabriel,[5] in which he acknowledged residing at the property and accepting service on January 21, 2019, of one copy of the notice to quit. Additionally, on March 25, 2019, the defendants filed a motion to open the judgment of possession predicated on the jurisdictional claim raised in their motion to dismiss. On March 27, 2019, the trial court denied both of the defendants' motions without a hearing and issued an accompanying memorandum of decision. This appeal

followed. Additional facts will be set forth as necessary.

The defendants claim on appeal that (1) the trial court improperly denied their request for an evidentiary hearing despite their having raised a disputed issue of fact and (2) the absence of an evidentiary hearing led to clearly erroneous factual findings by the trial court.[6] These arguments, which we address together, are unavailing.[7]

"Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [If] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts. . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *JPMorgan Chase Bank National Assn.* v. *Simoulidis*, 161 Conn. App. 133, 135–36, 126 A.3d 1098 (2015), cert. denied, 320 Conn. 913, 130 A.3d 266 (2016).

"Service of a valid notice to quit . . . is a condition precedent to a summary process action under § 47a-23 that implicates the trial court's subject matter jurisdiction over that action." (Internal quotation marks omitted.) *Lyons* v. *Citron*, 182 Conn. App. 725, 731, 191 A.3d 239 (2018). Service of a notice to quit must comply with § 47a-23 (c), which provides in relevant part: "A copy of such notice shall be delivered to each lessee or occupant or left at such lessee's or occupant's place of residence . . . ." "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action." *Bridgeport* v. *Barbour-Daniel Electronics, Inc.*, 16 Conn. App. 574, 582, 548 A.2d 744, cert. denied, 209 Conn. 826, 552 A.2d 432 (1988).

"Due process does not mandate full evidentiary hearings on all matters, and not all situations calling for procedural safeguards call for the same kind of procedure. . . . So long as the procedure afforded adequately protects the individual interests at stake, there is no reason to impose substantially greater burdens . . . under the guise of due process." (Internal quotation marks omitted.) *Property Asset Management, Inc.* v. *Lazarte*, 163 Conn. App. 737, 748, 138 A.3d 290 (2016). "[If] a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009); see also *Property Asset Management, Inc.* v. *Lazarte*, supra, 749 ("[a] court is required to hold an evidentiary hearing before adjudicating a motion to dismiss only if there is a genuine dispute as to some pertinent jurisdictional fact").

In the present case, there was no genuine dispute as to any jurisdictional fact necessary to find that the defendants had been served with the notice to quit. The record before the court revealed that all defendants had been served. First, the marshal's return of service was prima facie evidence that each defendant had been served, at a minimum, by abode service. See *Jenkins* v. *Bishop Apartments, Inc.*, 144 Conn. 389, 390, 132 A.2d 573 (1957) ("[t]he return is prima facie evidence of the facts stated therein"). Second, as a result of the entry of default against the defendants for their failure to plead, all material facts in the complaint were deemed admitted. See *Catalina* v. *Nicolelli*, 90 Conn. App. 219, 221, 876 A.2d 588 (2005). Such allegations included the following: "On January 21, 2019, the plaintiff caused a notice to be duly served on the defendants to quit possession of the premises on or before January 30, 2019, as required by law. The original notice to quit is attached hereto and marked [as] exhibit A." As the trial court correctly observed, the affidavit of Stephen Gabriel, which was the only evidence that the defendants submitted in support of their motion to dismiss, did nothing to create a genuine dispute as to any pertinent jurisdictional fact. The affidavit merely acknowledges that Stephen Gabriel was in fact served and makes no statement based on any personal knowledge that the other defendants were not served. The averment in the affidavit stating that Stephen Gabriel received only one copy has little, if any, probative value, as only one copy of the notice to quit was necessary to effect service on him, and there was no representation made in the marshal's return of service that seven copies were left with Stephen Gabriel. Finally, and perhaps most notably, there was no affidavit or other documentation from any defendant to demonstrate that he or she had not been served in any manner. In light of the foregoing, the court was not required to hold an evidentiary hearing before ruling on the defendants' motion to dismiss. Because there was ample evidence to support the court's finding that the defendants were served with the notice to quit, the court properly denied the motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In a previous foreclosure action filed in 2010 against Robert Gabriel and Pamela P. Gabriel, a judgment of foreclosure entered in favor of the plaintiff in 2013, and in October, 2018, the plaintiff obtained title to the subject property. See *Aurora Loan Services, LLC* v. *Gabriel*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-10-6004581-S (April 24, 2018).

[2] General Statutes § 47a-26a provides: "If the defendant appears but does not plead within two days after the return day, the complainant may file a motion for judgment for failure to plead, served upon the defendant in the manner provided in the rules adopted by the judges of the Superior Court for the service of pleadings. If the defendant fails to plead within three days after receipt of such motion by the clerk, the court shall forthwith enter judgment that the complainant recover possession or occupancy with his costs."

[3] Practice Book § 17-30 (b) provides: "If the defendant in a summary

process action appears but does not plead within two days after the return day or within three days after the filing of the preceding pleading or motion, the plaintiff may file a motion for judgment for failure to plead, served in accordance with Sections 10-12 through 10-17. If the defendant fails to plead within three days after receipt of such motion by the clerk, the judicial authority shall forthwith enter judgment that the plaintiff recover possession or occupancy with costs."

[4] General Statutes § 47a-23 provides in relevant part: "(a) When the owner . . . desires to obtain possession or occupancy of any land or building . . . and . . . (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . such owner . . . shall give notice to each . . . occupant to quit possession or occupancy of such land, building, apartment or dwelling unit . . . before the time specified in the notice for the lessee or occupant to quit possession or occupancy.

\* \* \*

"(c) A copy of such notice shall be delivered to each . . . occupant or left at such . . . occupant's place of residence . . . . Delivery of such notice may be made on any day of the week. . . ."

[5] Stephen Gabriel is one of the Doe defendants.

[6] The defendants do not challenge on appeal the contents of the notice to quit, the granting of the motion for default for failure to plead, or the entry of judgment of possession. Their sole claim relates to the denial of their motion to dismiss on the ground of lack of service of the notice to quit on all defendants.

[7] We pause to note that, although the defendants failed to analyze in their appellate brief the court's denial of their motion to open the judgment, we nonetheless address the merits of their claim that the trial court improperly denied their motion to dismiss. We do so because the motions, which were based on nearly identical grounds and sought the same basic relief, were inextricably intertwined and, under the circumstances of the present case, to dispose of the defendants' appeal on the basis of an overly technical application of mootness principles would exalt form over substance.

————————————————