******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ONEWEST BANK, N.A. *v.* STEPHEN M. CESLIK, JR.
## (AC 41720)

Prescott, Suarez and DiPentima, Js.

*Syllabus*

The plaintiff bank O Co. sought to foreclose a mortgage on certain real property owned by the defendant. In its complaint, O Co. alleged, inter alia, that it was the holder of the mortgage by virtue of a series of assignments of mortgage recorded on the town land records, that it was the holder of the promissory note that secured the mortgage and that the defendant had defaulted on the note. The defendant raised as a special defense that O Co. was barred by laches from claiming a default on the note. Thereafter, O Co. filed a motion for summary judgment as to liability. In support of its motion, O Co. submitted the note endorsed in blank and an affidavit from R, an assistant secretary for C Co. into which O Co. had merged, who averred concerning the accuracy of the mortgage assignments, copies of which were attached to his affidavit. The trial court granted O Co.'s motion for summary judgment as to liability, concluding that O Co. had established its prima facie case and that the defendant had failed to demonstrate a genuine issue of material fact. The court further concluded that the defendant's special defense of laches was a mere conclusory statement that lacked specificity as to the facts giving rise to laches, and, therefore, the defense was legally insufficient. Thereafter, the defendant filed a motion to dismiss the action on the ground that O Co. had initiated and later withdrew a prior foreclosure action against him, which the court denied. Subsequently, C Co. was substituted as the plaintiff, and the trial court granted its motion for a judgment of strict foreclosure and rendered judgment thereon, from which the defendant appealed to this court. Thereafter, the trial court denied the defendant's motion for judgment. *Held*:

1. This court declined to reach the merits of the defendant's claim that the trial court erred in rejecting his special defense of laches; because the defendant did not challenge the trial court's legal conclusion that his special defense was not properly pleaded, his claim was irrelevant as to that court's determination that his special defense of laches was legally insufficient; moreover, this court did not address whether O Co.'s motion for summary judgment was properly used to challenge the legal sufficiency of the special defense of laches, as the defendant did not raise such a claim on appeal.

2. The defendant could not prevail on his claim that the trial court erred in denying his postappeal motion for judgment in which he asserted that C Co. lacked standing; that court properly determined that C Co. had standing to foreclose on the mortgage, as O Co. proffered evidence that it possessed the note endorsed in blank at the time it commenced the action and the defendant did not produce any evidence to rebut the presumption that O Co. was the owner of the debt.

3. The defendant's claim that the trial court erred in crediting obviously fraudulent and defective assignments of mortgage was unavailing; the defendant failed to proffer evidence that demonstrated fraud or defects in the assignments of mortgage and did not, in the proceedings before that court, proffer admissible evidence that called into question the validity of those documents.

4. Contrary to the defendant's claim, the trial court did not err in denying his motion to dismiss the action on the ground that O Co. had initiated and later withdrew a prior foreclosure action against him; the defendant did not cite any authority to support his assertion that O Co. should have been prohibited from commencing the present action, and, in the absence of a showing that O Co. abused its right of withdrawal when it withdrew the prior action, O Co. was permitted to commence the present action.

5. This court declined to review the defendant's claim that he was denied due process in connection with his postappeal motion for judgment: that claim was not properly before this court, as the defendant failed to comply with the applicable rule of practice (§ 61-9) because he did

not appeal from or amend his appeal to include the trial court's denial of his motion for judgment; moreover, even if the defendant's claim was properly before this court, it was not reviewable, as it was inadequately briefed.

Submitted on briefs September 22, 2020—officially released February 2, 2021

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Hon. John W. Moran*, judge trial referee, granted the plaintiff's motion for summary judgment as to liability; thereafter, the court denied the defendant's motion to dismiss; subsequently, CIT Bank, N.A., was substituted as the plaintiff; thereafter, the court, *Hon. John W. Moran*, judge trial referee, granted the substitute plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the defendant appealed to this court; subsequently, the court, *Hon. John W. Moran*, judge trial referee, denied the defendant's motion for judgment. *Affirmed.*

*Stephen M. Ceslik, Jr.*, self-represented, filed a brief as the appellant (defendant).

*Benjamin T. Staskiewicz*, filed a brief for the appellee (substitute plaintiff).

*Opinion*

SUAREZ, J. The self-represented defendant, Stephen M. Ceslik, Jr.,[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, CIT Bank, N.A.[2] On appeal, the defendant claims that the court erred by (1) rejecting his defense of laches when it granted the motion of OneWest Bank, N.A. (OneWest), for summary judgment as to liability, (2) rejecting his postjudgment claim that the plaintiff lacked standing, (3) crediting obviously fraudulent and defective assignments of the mortgage, (4) denying his motion to dismiss the present action on the ground that OneWest initiated a prior identical foreclosure action against the defendant that it subsequently withdrew, and (5) denying him due process in connection with his motion for judgment. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. OneWest commenced the underlying foreclosure action by writ of summons and complaint on July 23, 2015. In the complaint, OneWest alleged that in 2007, the defendant executed and delivered to Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank, F.S.B., a note for a loan not to exceed a maximum principal amount of $440,700. To secure the note, the defendant executed and delivered to Financial Freedom Senior Funding Corporation a reverse annuity mortgage on his home located in Milford (property). OneWest alleged that it was the holder of the mortgage by virtue of a series of assignments recorded on the Milford land records and that it was also the holder of the note. It further alleged that the note was in default and that, as the holder of the note, it elected to accelerate the balance due on the note, to declare the note to be due in full, and to foreclose on the mortgage securing the note.

The defendant filed an appearance as a self-represented party on August 24, 2015. The parties entered the court-supervised mediation program upon the defendant's request. The mediator filed a final report on March 28, 2016, in which she stated that the case was not settled and terminated the mediation.

The defendant filed an answer on April 25, 2016, in which he admitted that he owned, possessed, and lived at the property. He denied that the note was in default and due in full, and that he was the owner of the equity of redemption of the property. He left OneWest to its proof for the remaining allegations in the complaint. He then raised by way of special defenses that (1) OneWest was barred on the basis of laches from claiming a default on the note, (2) he was never given a right of rescission, which meant the loan remained rescindable, and (3) the mortgage loan was induced by fraud and misrepresentations regarding its terms.

OneWest filed a motion for summary judgment on September 29, 2016, in which it argued that there was no genuine issue of material fact regarding the defendant's liability under the loan documents. It further argued that the defendant's special defenses were not valid, recognized defenses to a foreclosure action or, alternatively, that they were mere conclusions of law that were unsupported by facts. A hearing on the motion was held on March 13, 2017, at which both parties filed submissions supporting their arguments.

The court granted OneWest's motion for summary judgment as to liability on April 20, 2017. The court issued a memorandum of decision in which it concluded that OneWest had established its prima facie case and that the defendant had failed to demonstrate that there was a genuine issue of material fact. The court determined that an affidavit submitted by OneWest in support of its motion for summary judgment from Justin Roland, an assistant secretary for the plaintiff,[3] supported a finding that OneWest was the holder and in possession of the note, which was endorsed in blank. The court further concluded, on the basis of the affidavit, that no genuine issue of material fact existed with respect to whether OneWest was the owner of the mortgage by virtue of a series of assignments of the original note and mortgage. OneWest attached copies of these assignments to Roland's affidavit and presented them with its motion for summary judgment.

The court rejected the defendant's three special defenses, concluding that they were naked, conclusory statements.[4] With respect to the defense of laches, which we will discuss in greater detail in part I of this opinion, the court concluded that the defendant's statement lacked specificity as to the facts giving rise to this defense, and, therefore, the defense was legally insufficient. The court further concluded that the second and third defenses did not attack the making, validity, or enforcement of either the note or the mortgage and, thus, were "legally invalid."[5]

The defendant, on May 9, 2017, filed a motion to reargue the granting of the motion for summary judgment, which the court denied on May 14, 2018. On July 12, 2017, the defendant filed a motion to dismiss based on OneWest's filing and subsequent withdrawal of a prior foreclosure action against him. The court denied this motion on February 20, 2018. On February 27, 2018, the defendant filed a motion to vacate the ruling on OneWest's motion for summary judgment, which the court denied on March 26, 2018.

The plaintiff filed a motion for judgment of strict foreclosure on April 17, 2018. The court granted the motion and rendered a judgment of strict foreclosure on May 14, 2018, setting the law day for July 16, 2018. The defendant filed the present appeal on May 31, 2018.

On October 30, 2018, during the pendency of this appeal, the defendant filed a motion for judgment with the trial court in which he argued that the plaintiff lacked standing. The court held a hearing on the motion on January 8, 2019, and denied it on the same date. The defendant did not amend his appeal to include a claim challenging the denial of this motion. Additional facts and procedural history will be set forth as necessary.

I

The defendant's first claim is that the court erred in rejecting his special defense of laches when it granted OneWest's motion for summary judgment. For the reasons set forth herein, we decline to reach the merits of this claim.

The following procedural history is relevant to the defendant's claim. As we stated previously in this opinion, in his answer, the defendant alleged three special defenses. At issue in the present claim is the special defense of laches, which the defendant alleged as follows: "[OneWest] is barred in claiming a default based on laches." In its reply to the defendant's answer and special defenses, OneWest denied this special defense.[6]

In its memorandum of law in supported of its motion for summary judgment, OneWest argued that, in light of the materials that it submitted in support of its motion and relevant law, it was entitled to judgment in its favor with respect to liability because it had proved its prima facie case and that a genuine issue of fact with respect to liability did not exist.[7] OneWest also argued that all of the special defenses raised by the defendant did not preclude summary judgment in its favor. In its memorandum of law, OneWest made clear that, by way of its motion for summary judgment, it was challenging the legal sufficiency of the special defenses. OneWest argued that "[a] motion for summary judgment may in certain circumstances be used to challenge the legal sufficiency of a pleading" and that "[s]pecial defenses [alleging] mere conclusions of law that are unsupported by the facts . . . are legally insufficient." (Internal quotation marks omitted.)

With respect to the special defense of laches, OneWest argued as follows: "The first special defense asserts that '[OneWest] is barred in claiming a default based on laches.' [OneWest] respectfully submits that this defense is invalid since it is a mere conclusory statement that has no bearing on the making, validity or enforcement of the note/mortgage. Additionally, the burden is on the defendant to establish a laches defense. . . . Quite simply, the defendant has not pleaded any facts that would satisfy the elements of laches. Accordingly, the defense is legally insufficient and cannot bar summary judgment in favor of [OneWest]." (Citations omitted.)

In his memorandum of law in opposition to OneW-

est's motion for summary judgment, the defendant argued in broad terms that the materials that he had submitted to the court in opposition to the motion gave rise to genuine issues of material fact.[8] He did not attempt to demonstrate that he had paid property taxes and homeowners insurance premiums, as was required by the terms of his mortgage. Specifically, with respect to laches, he argued that the submissions "show that [OneWest and its predecessors in interest] for many years sent the defendant monthly statements showing no balance due and did not send [him] any notices that he was in default, or was required to pay the real estate taxes until shortly before [OneWest] began [its] foreclosure action." The defendant, however, did not respond to the arguments made by OneWest concerning the legal sufficiency of his special defenses. Specifically, he did not argue that the special defense of laches was legally sufficient in that it set forth necessary facts or that it was improper for the court to evaluate the legal sufficiency of his special defenses in the context of ruling on OneWest's motion for summary judgment. The defendant did not attempt to amend the pleading to rectify the pleading defect asserted by OneWest. Rather, the defendant's arguments were related entirely to the evidence that he proffered in support of his special defense of laches. The defendant argued that he had raised a genuine issue of material fact "that there [was] a delay that [was] inexcusable" and that he was prejudiced thereby. He argued in relevant part: "First, with every debt or every mortgage I ever had, if I were late even by a few weeks, I would receive phone calls and letters telling me what I failed to do and how much I owed. In this case, to the contrary, I received monthly statements for years showing a zero balance owed and making no reference to any default or amount I should send them or anyone else. . . . I have been severely prejudiced by the delay because [OneWest and its predecessors in interest] allowed the arrearage to accumulate and grow so big, there is no way I can pay it. If they had notified me way back at the beginning, any amount I owed would be manageable. Instead, [OneWest] let the arrearage accumulate for years, never notifying me, so that now the amount is so large [that] I have no way to pay it."

In its memorandum of decision granting OneWest's motion for summary judgment, the court determined that OneWest had proffered evidence that it was the holder of the defendant's note, which was endorsed in blank, that it owned the mortgage by virtue of a series of assignments, and that, as a consequence of his failure to pay real estate taxes on the subject property, the defendant was in default on the note and mortgage. The court concluded that OneWest had met its burden to establish that there was no genuine issue of material fact as to its prima facie case as to liability. The court then turned to the defendant's special defenses. The

court began its analysis of the special defenses by indicating that "[a] valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both . . . ." (Internal quotation marks omitted.) The court's analysis focused on the legal sufficiency of the special defenses. Addressing the special defense of laches, the court stated in relevant part: "This [special defense] is nothing other than a mere naked conclusory statement which lacks specificity as to facts giving rise to laches. Therefore, this special defense is legally insufficient and invalid. As a practical matter, the court submits that a property owner knows that he is obligated to pay his real estate taxes unless otherwise excused. The note and mortgage . . . obligated the defendant to pay his real estate taxes as a condition of the note and mortgage. The defendant is charged with knowing and understanding his obligations under the note and mortgage, which he signed and executed."

By way of a motion to reargue, the defendant argued that the court improperly determined that a genuine issue of material fact did not exist. In his motion, the defendant devoted a great deal of his argument to his special defense of laches. Although the defendant recognized that the court, in its decision, had characterized his special defense as being "conclusory" in nature, the defendant appears to have interpreted the court's characterization of his special defense as being directed to the proof he submitted, not to his pleading. The defendant did not address the pleading defect on which the court relied. Instead, the defendant argued that he had presented ample evidence, which the court "ignored," in support of the special defense. Among other things, the defendant relied on mortgage statements that he submitted in opposition to OneWest's motion for summary judgment. He argued: "How is it possible that laches is a naked conclusory statement when the defendant presented many years of monthly mortgage statements, generated by the lender, showing no taxes owed, no delinquencies and no balances owed?" As we stated previously in this opinion, the court denied the motion to reargue.

Before this court, the defendant's arguments are materially identical to the arguments that he raised in opposition to the motion for summary judgment and in his motion to reargue. The defendant's analysis of this claim focuses exclusively on the evidence that he presented in opposing OneWest's motion for summary judgment and his belief that he supported his special defense of laches with ample evidence. The defendant argues that, "[a]ssuming the [he] was obligated to pay the taxes and homeowners insurance premiums, [OneWest's] conduct for many years in not asserting that right, or notifying [him], or claiming any default, with the result that the claimed balance grew so large

[that he] could not pay it, is clearly a case of laches." He also argues that, "by this delay . . . the arrearage grew so large, without [him] even knowing that it was happening, that, when he eventually learned about it, he had no way to pay it." As was the case before the trial court, the defendant's arguments in no way focus on the language used in his pleading or the sufficiency thereof. He has cited no authority with respect to the issue of whether his pleading was legally sufficient and does not attempt to demonstrate that the court should not have focused on the sufficiency of his pleading or that the court improperly concluded that his pleading was insufficient.

Although the defendant claims that the court improperly rejected his special defense of laches, his appellate arguments overlook the legal ground on which the court relied. In moving for summary judgment, OneWest unambiguously argued that the special defense of laches was devoid of necessary facts and, thus, was legally insufficient. In granting the motion for summary judgment, the court did not reject the special defense because the defendant failed to present evidence to support it, but because it agreed with OneWest's argument that the special defense, as pleaded, was legally insufficient. The defendant's claim is not persuasive because, even if it has merit, it does not undermine the ground on which the court based its decision. Stated otherwise, the substance of the defendant's claim reflects that it is irrelevant to the trial court's determination that his special defense of laches was legally insufficient. Accordingly, we decline to reach the merits of the defendant's claim. See, e.g., *State* v. *Diaz*, 109 Conn. App. 519, 559, 952 A.2d 124 (court declined to reach merits of appellant's fourth amendment claim related to validity of initial search because trial court's fourth amendment analysis was based on independent source doctrine and, thus, claim raised on appeal was "irrelevant to the judgment from which the defendant appeal[ed]"), cert. denied, 289 Conn. 930, 958 A.2d 161 (2008); *Ingels* v. *Saldana*, 103 Conn. App. 724, 728–29, 930 A.2d 774 (2007) (court declined to address merits of appellant's breach of contract claim because trial court based its decision on breach of fiduciary duty and, thus, claim was "irrelevant to the judgment from which the defendant appeal[ed]").

As we have stated previously, the defendant failed to address OneWest's legal argument, which was related to the sufficiency of his pleading, during the proceedings before the trial court but, instead, argued that the evidence that he presented to the court supported the special defense of laches. Because the defendant does not challenge on appeal the propriety of the court's granting of OneWest's motion for summary judgment on the grounds that the motion improperly challenged the legal sufficiency of the special defense of laches and that he was not given an opportunity to replead,

we do not address whether the motion for summary judgment properly was used to challenge the legal sufficiency of the special defense of laches. See *Carrico* v. *Mill Rock Leasing, LLC*, 199 Conn. App. 252, 255 n.3, 235 A.3d 626 (2020) ("On appeal, the plaintiff does not challenge the propriety of the court's granting of the defendant's motion for summary judgment on the grounds that the motion improperly challenged the sufficiency of the complaint and that the plaintiff was not given an opportunity to replead. Accordingly, we do not address whether the motion for summary judgment properly was used to challenge the legal sufficiency of [the relevant] counts . . . of the complaint.").[9] Likewise, because the defendant does not challenge the court's legal conclusion that his special defense of laches was not properly pleaded and, thus, the court improperly concluded that the defense was legally insufficient, we do not consider such claim on appeal. Although the defendant has raised a claim related to the court's granting of the motion for summary judgment, his argument is not related to the sufficiency of his pleading, and it is not the proper role of this court to transform the argument into something that it is not. Accordingly, we decline to reach the merits of this claim.

## II

Next, the defendant claims that the court erred in denying his postappeal motion for judgment in which he asserted that the plaintiff lacked standing. We disagree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Wells Fargo Bank*, *N.A.* v. *Caldrello*, 192 Conn. App. 1, 20, 219 A.3d 858, cert. denied, 334 Conn. 905, 220 A.3d 37 (2019).

"To make out a prima facie case in a mortgage foreclosure action, the foreclosing party must show that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied." (Internal quotation marks omitted.) Id.

OneWest sought foreclosure of the mortgage pursuant to General Statutes § 49-17, which applies when an owner of debt without legal title forecloses on a

mortgage. "[Section] 49-17 codifies the well established common-law principle that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage. . . . Therefore, [a] mortgagee that seeks summary judgment in a foreclosure action has the evidentiary burden of showing that there is no genuine issue of material fact as to any of the prima facie elements, including that it is the owner of the debt. Appellate courts in this state have held that [the evidentiary burden of establishing ownership of the note] is satisfied when the mortgagee includes in its submissions to the court a sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action. . . .

"Being the holder of a note satisfies the plaintiff's burden of demonstrating that it is the owner of the note because under our law, the note holder is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under § 49-17. The possession by the bearer of a note [e]ndorsed in blank imports prima facie [evidence] that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity. The production of the note [endorsed in blank] establishes his case prima facie against the makers and he may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights. . . . If the defendant rebuts the presumption that the plaintiff was the owner of the debt at the time that the action commenced, then the burden would shift back to the plaintiff to demonstrate that the owner has vested it with the right to receive the money secured by the note." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *American Home Mortgage Servicing, Inc.* v. *Reilly*, 157 Conn. App. 127, 132–34, 117 A.3d 500, cert. denied, 317 Conn. 915, 117 A.3d 854 (2015).

As discussed previously in this opinion, five months after filing this appeal, the defendant filed a motion for judgment in which he argued that the plaintiff did not have standing to bring a foreclosure action against him. The trial court heard oral arguments on this motion and denied it. In his claim on appeal, which appears to challenge the court's denial of his motion for judgment, the defendant argues that the court ignored evidence he attempted to present at the hearing that would have shown that the plaintiff did not own the mortgage and that the plaintiff deceived the court by producing fraudulent assignments of mortgage. However, he does not cite legal authority to support this claim.

Moreover, the defendant did not amend this appeal to include a challenge to the court's January 8, 2019 denial of his motion for judgment. Instead, he raises

the present claim, which is related to the standing issue that he raised in the motion, for the first time in his principal appellate brief. This claim is properly before us, however, because it raises the issue of standing. See, e.g., *Perez-Dickson* v. *Bridgeport*, 304 Conn. 483, 506, 43 A.3d 69 (2012) ("If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . [A] claim that a court lacks subject matter jurisdiction may be raised at any time during the proceedings . . . including on appeal . . . ." (Citation omitted; internal quotation marks omitted.)).

At the hearing on the postappeal motion for judgment, the defendant claimed that the plaintiff did not have standing because it was not the true owner of the mortgage. Rather, he argued that Black Reef Trust was the current owner of the mortgage and had owned the mortgage since its origination. In support of this claim, the defendant sought to introduce a compact disc containing a purported conversation he had with a representative of Celink, a loan servicer. The court sustained an objection from the plaintiff on hearsay grounds. The defendant does not challenge on appeal the court's evidentiary ruling, and there is no other evidence to support the claim.

Here, the defendant advances the same arguments that the trial court rejected. He reasserts that he had conversations with Celink proving that Black Reef Trust owns the mortgage. However, he does not point to any evidence properly submitted to the court to show that OneWest was not the holder of the note or the owner of the mortgage at the time it commenced the foreclosure action. Because OneWest proffered evidence that it possessed the note endorsed in blank and because the defendant did not produce any evidence to rebut the presumption that OneWest was the owner of the debt, we conclude that the court properly determined that the plaintiff had standing to foreclose on the mortgage.

### III

Next, the defendant claims that the court erred in crediting "obviously fraudulent and defective assignments of mortgage." He does not, however, identify how the assignments of mortgage are either fraudulent or defective. OneWest produced a series of mortgage assignments that were recorded on the Milford land records, along with a sworn affidavit in which the plaintiff's representative attested to the accuracy of these documents. Despite a lack of clarity in his appellate brief with respect to this claim, we nonetheless reject it on its merits because the defendant failed to proffer evidence that demonstrated fraud or defects in the assignments of mortgage. The defendant did not, at any time in the proceedings before the trial court, proffer admissible evidence that called into question the validity of these documents. Accordingly, we conclude that

the defendant's claim is without merit.

## IV

Next, the defendant claims that the court erred in denying his motion to dismiss the present action on the ground that OneWest had initiated a prior identical foreclosure action against the defendant that it subsequently withdrew. We disagree.

To resolve this claim, we must first set forth the procedural history related to it. Prior to the present action, OneWest commenced a foreclosure action against the defendant with a return date of November 25, 2014. OneWest voluntarily withdrew this prior action on April 30, 2015, while it was still in the mediation phase. At the time the action was withdrawn, a hearing on the merits had not yet occurred. On May 4, 2015, in connection with the prior action, a mediator filed a final report indicating that it was settled. The present action was commenced on July 23, 2015.

On July 12, 2017, the defendant filed a motion to dismiss in which he argued that OneWest "withdrew the case after the mediator agreed that the case was resolved by laches." There is nothing in the record to support this assertion. He further contended that the resolution of the prior action was "dispositive" because the mediator's report marked the matter as settled. The court denied the defendant's motion on February 20, 2018. The record does not disclose any information about why the mediator marked the matter as settled, nor does the defendant attempt to provide further explanation in this regard.

"Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [If] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts. . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Nationstar Mortgage, LLC* v. *Gabriel*, 201 Conn. App. 39, 43, 241 A.3d 763 (2020).

Pursuant to General Statutes § 52-80, a plaintiff "may withdraw any action . . . returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof." "The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by . . . § 52-80, is absolute and unconditional. Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) *Travelers Property Casualty Co. of America* v. *Twine*, 120 Conn. App. 823,

826–27, 993 A.2d 470 (2010).

Although the right to unilaterally withdraw an action is absolute, a party cannot abuse this right by bringing a second, identical action to avoid consequences stemming from the first action. In *Palumbo* v. *Barbadimos*, 163 Conn. App. 100, 105, 134 A.3d 696 (2016), a plaintiff unilaterally withdrew an action after she missed the statutorily prescribed deadline for claiming the action to a jury trial list. She then filed a second, identical action in order to restart the clock and request a jury trial within the statutory time frame. Id., 106–107. This court held that, as a matter of first impression, the defendant was entitled to have the first action restored to the docket because the plaintiff abused her right of unilateral withdrawal to avoid a bench trial. Id., 103–104. The court noted that "the procedural chicanery engaged in by the plaintiff . . . [could not] be sanctioned because it offend[ed] the orderly and due administration of justice." Id., 103.

Here, the defendant does not cite any authority to support his claim that OneWest should have been prohibited from commencing the present action. Unlike in *Palumbo*, the defendant does not attempt to show that OneWest withdrew the prior action for an improper purpose because that action had been resolved by way of a settlement. Instead, the only information he presented about the prior action is the mediator's final report, which does not provide any explanation as to why OneWest withdrew the prior action. In the absence of a showing that OneWest abused its right of withdrawal when it withdrew the prior action, OneWest was permitted to commence the present foreclosure action. We conclude therefore that the court did not err in denying the defendant's motion to dismiss on the ground that OneWest withdrew a prior foreclosure action.

V

Lastly, the defendant claims he was "denied due process" in connection with his motion for judgment. We decline to review this claim because the defendant failed to comply with Practice Book § 61-9 by appealing from the court's denial of this motion and, alternatively, because it is inadequately briefed and lacks an adequate record.

Our rules of practice govern the filing of amended appeals. Practice Book § 61-9 provides in relevant part: "Should the trial court, subsequent to the filing of a pending appeal, make a decision that the appellant desires to have reviewed, the appellant shall file an amended appeal within twenty days from the issuance of notice of the decision as provided for in Section 63-1. . . ." Further, Practice Book § 63-4 (b) provides in relevant part: "Except as otherwise provided, a party may as of right file amendments to the preliminary

statement of issues at any time until that party's brief is filed. . . ."

"Although we are solicitous of the rights of [self-represented] litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . [W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Caldrello*, supra, 192 Conn. App. 34. "Claims are . . . inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . ." (Internal quotation marks omitted.) Id., 35.

The defendant asserts that at the January 8, 2019 hearing on his motion for judgment, the plaintiff "made complicated arguments" and presented copies of cases in support of these arguments. He argues that he was denied due process because he was not able to review these arguments and cases prior to the hearing, which limited his ability to rebut them.

The defendant's due process claim related to the January 8, 2019 hearing is not properly before us, however, because he did not appeal from or amend his appeal to include the court's denial of his motion for judgment and claims related thereto.[10] See, e.g., *Aquarion Water Co. of Connecticut* v. *Beck Law Products & Forms, LLC*, 98 Conn. App. 234, 236 n.1, 907 A.2d 1274 (2006) (declining to review claim that defendants raised on appeal because they did not amend appeal pursuant to Practice Book § 61-9 to include claim). Moreover, even if we could overlook that defect, his due process claim is unreviewable because it is inadequately briefed. In his brief, the defendant merely makes conclusory statements without providing any analysis or citing legal authority to support his claim. Therefore, even if properly before us, we would decline to address this claim.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.

[1] We note that the complaint lists Stephen M. Cesik, Jr., Stephen Cesik, and Stephen Ceslik as alternative names for the defendant.

[2] The named plaintiff, OneWest Bank, N.A. (OneWest), which commenced the underlying action, merged into CIT Bank, N.A., during the proceedings in the trial court. Pursuant to Practice Book § 9-16, OneWest moved to substitute CIT Bank, N.A., as the plaintiff on January 17, 2018, and the court granted this motion on April 13, 2018. We therefore refer in this opinion to CIT Bank, N.A., as the plaintiff and to OneWest by name.

[3] The affidavit states that Roland was an assistant secretary for the plaintiff, which was formerly known as OneWest. See footnote 2 of this opinion. At the time OneWest filed the affidavit, however, it had not yet moved to substitute the plaintiff as the plaintiff.

[4] On appeal, the defendant challenges the court's rejection of his special defense of laches but does not challenge its rejection of his other two special defenses.

[5] We note that a special defense that is based on fraud and misrepresenta-

tion does attack the making, validity, or enforcement of the note or mortgage. See *U.S. Bank National Assn.* v. *Blowers*, 332 Conn. 656, 658, 212 A.3d 226 (2019) (holding that mortgagor's allegations that mortgagee engaged in pattern of misrepresentation were properly asserted in action as special defenses and counterclaims because they attacked making, validity, or enforcement of note or mortgage). On appeal, however, the defendant has not raised a claim of error in this regard.

[6] We observe that "[t]he defense of laches, if proven, bars a plaintiff from seeking equitable relief . . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . *The burden is on the party alleging laches to establish that defense.* . . . The mere lapse of time does not constitute laches . . . unless it results in prejudice to the [opposing party] . . . as where, for example, the [opposing party] is led to change his position with respect to the matter in question." (Emphasis in original; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Fitzpatrick*, 190 Conn. App. 231, 244, 210 A.3d 88, cert. denied, 332 Conn. 912, 209 A.3d 1232 (2019).

[7] OneWest submitted with its motion for summary judgment a note endorsed in blank that was executed and delivered by the defendant in favor of Financial Freedom Senior Funding Corporation. OneWest also presented a mortgage deed signed by the defendant that showed that the defendant secured his obligations under the note by executing a mortgage on the property in favor of Financial Freedom Senior Funding Corporation. The note and the mortgage obligated the defendant to pay property taxes and hazard insurance on the property to secure the lender's interest. The note stated that the lender had the right to make such payments if the defendant did not do so and that any payments the lender made would be treated as an advance and added to the balance of his account. The note further stated that the defendant's failure to make these payments constituted a default, which entitled the lender to foreclose on the property in accordance with all requirements of state law. OneWest also presented evidence showing that Financial Freedom, a division of OneWest, made annual property tax and insurance payments on the property each year from 2011 to 2014.

[8] The defendant submitted his own affidavit as well as an affidavit of Ronald Steger, who averred that he had known the defendant for fifty years. He also submitted as exhibits monthly account summaries for the loan from periods between November, 2010 and November, 2016. Each account summary had a section stating that his "Amount of Monthly Payment" was zero dollars. He also included as exhibits letters that Financial Freedom sent him from 2013 and 2014 about his hazard insurance policy. One of the letters notified him that Financial Freedom had not received proof that he had purchased the required insurance on his property. A subsequent letter stated that, because the defendant had still not provided proof of insurance, Financial Freedom purchased this insurance policy on his behalf and that he was responsible for the cost of this insurance.

[9] Although the defendant does not argue before this court that the trial court improperly considered the legal sufficiency of his special defense or that he should be afforded an opportunity to replead, the procedural history of this case reflects that the defendant has waived a right to replead. "In *Larobina* v. *McDonald*, 274 Conn. 394, 399–403, 876 A.2d 522 (2005), the Supreme Court considered . . . whether a motion for summary judgment, rather than a motion to strike, properly could be used to challenge the legal sufficiency of a complaint. . . . [A] plaintiff is not entitled to replead following the granting of a motion for summary judgment. . . . [U]se of a motion for summary judgment instead of a motion to strike may be unfair to the nonmoving party because [t]he granting of a defendant's motion for summary judgment puts the plaintiff out of court . . . [while the] granting of a motion to strike allows the plaintiff to replead his or her case . . . . The Supreme Court nonetheless held that [it would] not reverse the trial court's ruling on a motion for summary judgment that was used to challenge the legal sufficiency of the complaint when it is clear that the motion was being used for that purpose and the nonmoving party, by failing to object to the procedure before the trial court, cannot demonstrate prejudice." (Citations omitted; internal quotation marks omitted.) *Godbout* v. *Attanasio*, 199 Conn. App. 88, 109–10, 234 A.3d 1031 (2020).

"To avoid waiving a right to replead, a nonmoving party must, before the trial court decides the summary judgment motion, either object to the trial court's deciding the case through summary judgment and argue that it should instead decide the motion as a motion to strike to afford it the opportunity to replead a legally sufficient cause of action or, in the alternative, the

nonmoving party may maintain that its pleading is legally sufficient, but it must offer to amend the pleading if the court concludes otherwise." *Streifel* v. *Bulkley*, 195 Conn. App. 294, 302, 224 A.3d 539, cert. denied, 335 Conn. 911, 228 A.3d 375 (2020). "[A] party does not waive its right to replead by arguing that the pleading is legally sufficient, but offering, if the court were to conclude otherwise, to amend the pleading." *American Progressive Life & Health Ins. Co. of New York* v. *Better Benefits, LLC*, 292 Conn. 111, 124, 971 A.2d 17 (2009).

Our rules of practice provide that a party may challenge by way of a motion to strike the legal sufficiency of special defenses. See Practice Book §§ 10-6 and 10-39. In *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 179–80, 73 A.3d 742 (2013), this court extended the holding of *Larobina* and its progeny to situations in which a motion for summary judgment is utilized to challenge the legal sufficiency of a special defense.

[10] As we explained in part II of this opinion, although the defendant did not amend the appeal to include the court's denial of his motion for judgment on the issue of standing, we nevertheless reached the merits of his standing claim, which he raised in his motion for judgment, because a challenge related to standing may be raised at any time. See, e.g., *Perez-Dickson* v. *Bridgeport*, supra, 304 Conn. 506. This rationale does not apply to the present claim, as it does not implicate subject matter jurisdiction.

—————————————————